IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:18-cr-437

    Plaintiff,

    v.   **ORDER**

Robert Andrew Harris,

    Defendant.

The Defendant has filed a Motion to Reduce Sentence. (Doc. 22). The government opposes the Motion. (Doc. 23). Defendant has not filed a reply.

The Defendant bases his Motion on two grounds: (1) he has been rehabilitated; and (2) proposed amendments to the Federal Sentencing Guidelines would result in a downward adjustment of his Guideline Range. (Doc. 22, pgID 110).

The government opposes the Motion on two grounds: (1) the proposed Guideline amendments are just that—proposed, not enacted; and 2) the Defendant's truly breathtaking history of robberies, both armed and putatively armed. (Doc. 23, pgID 114).

That array includes a gas station robbery, a stick-up of a pizza delivery driver, and the robbery of *six* Toledo-area banks. Most recently, the court placed the Defendant on supervised release in June 2018. He stayed out of trouble for an entire month, before robbing the last three banks in July 2018.

However, I need only base rejection of Defendant's Motion on the fact that his grounds for granting it—*i.e.,* the proposed Guideline amendments—are nascent and not yet gestated.

If and when the Guideline amendments come forth, the Defendant may renew his motion to reduce his sentence. For any renewed motion to survive post-partum examination, he must, I suggest, do more to enliven his prospects than merely state that after four prison terms (five years; four years; 152 months; and 92 months consecutive to 24 months for his violation of supervised release), he has finally learned his lesson and that he will, for the first time, successfully serve the three-year term of supervised release.

To do that—which he has never done before as to *any* prior term of post-release supervision—he must persuade me that, this time, the past does not predict the future.

It is, in any event, as to the instant Motion, hereby ORDERED THAT:

1. Defendant's Motion to Reduce Sentence (Doc. 22) be, and the same hereby is, denied.

2. Defendant's Motion to Appoint Counsel (Doc. 24) be, and there same hereby is, denied as moot.

3. An appeal from this Order could not be taken in good faith and shall not be allowed without prepayment of the requisite filling fee. Jurists of reason could not rationally dispute either its result or its rationale.

SO ORDERED.

        */s/ James G. Carr*
        Sr. U.S. District Judge