In the United States District Court,
Northern District of Ohio,
Western Division

| | |
|---|---|
| United States of America, | Case No. 3:18-cr-00437-01 |
| Plaintiff, | Judge James G. Carr |
| v. | **Order** |
| Robert Andrew Harris, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence under Amendment 821 to the Sentencing Guidelines. (Doc. 26). In accordance with this Court's Order, after filing his Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Supplemental Motion arguing the Defendant is eligible because he received two status points for being on probation when he committed the instant offenses. Under the 821 Amendment, only one point should be assessed, thereby reducing his Criminal History category to a IV. (Doc. 31).

The Government has filed a Response in Opposition (Doc. 32) and a Supplemental Response in Opposition. (Doc. 33). In the Reply, the FPD aptly argues there is no dispute that the Guideline Range for Defendant is reduced to 77-96 months under Amendment 821. (Doc. 34). Counsel further argues the Defendant has demonstrated acceptance of responsibility for his actions and "personal evolution" through conduct and accomplishments while incarcerated. (*Id.*).

**Background**

The Defendant was charged with - and pled guilty to - three bank robberies within a four day period in July, 2018. (Doc. 16, pgID 56-7). He began the instant bank robbery spree within a month of beginning a 3-year term of supervised release imposed by this Court. The Defendant had just completed serving a 152-month sentence on three counts of bank robbery and one count of escape (Case No. 3:06-cr-0298) when he was arrested. (Doc. 16, pgID 64).

Factored into his Offense Level and Criminal History computations, the Probation Officer deemed Defendant a "career offender." (*Id.* at 60, 65). After various adjustments, including additional points for threatening harm during two of the robberies, his Base Offense Level was calculated to be a 29. (*Id.* at 58-9). His criminal history score, which included two status points, was calculated to be a 10. His career offender designation placed him in Criminal History Category VI with a resulting Guideline Range of 151-188 months.

At sentencing, I rejected the contention that the Defendant was a career offender. (Doc. 21). This resulted in a final Guideline calculation of 24/V, decreasing his Range to 92-115 months.

I sentenced the Defendant to the bottom of the Range: 92 months as to each count, to run concurrently to each other, but consecutively to a 24-month sentence that I imposed for his violation of supervised release. (Doc. 20). Thus, the Defendant's total sentence was 116 months, with supervised release of three years to follow.

There is no dispute: the Defendant is eligible for a reduction under the Sentencing Commission's amendment to the guidelines' status-point provision, now U.S.S.C. § 4A1.1(e). As the FPD points out, the Defendant's Criminal History Category is reduced to IV. This results in a new Guideline Range of 77-96 months.

**Discussion**

I, however, decline to reduce his sentence for several reasons.

First: the Defendant received a sentence that falls within the newly calculated Guideline Range, just shy of the high end. Thus, though eligible for consideration under Amendment 821, he is not automatically entitled to the reduced sentence he requests, which is 77 months, the lowest end.

Second: even if that were not so, in applying the § 3553(a) factors, I further decline to reduce his sentence. A review of his Presentence Report shows that the Defendant is, as the Government suggests, a career robber. Often armed and always dangerous, the Defendant began committing theft-related crimes at age 20 in Texas. (Doc. 16, pgID 61). Theft escalated to robbery, aggravated robbery, assault, resisting arrest and escape, with his criminal conduct transferring from Texas to Ohio. (*Id.* at 61-4).

Prior imprisonment has not deterred the Defendant as evidenced by a pattern of arrest, sentence, release and commit. In fact, his conduct in this matter occurred within a month of coming out from behind bars.

The Defendant's personal history and characteristics show that he appears, at this point, to be incorrigible. Instead of committing himself to a life of productive citizenry and rehabilitation, he simply reused the "trade" in which he had engaged in the past to exist. I find a sentence reduction is not appropriate. It would simply pose a threat of danger to the community.

In addition, a reduction would serve neither the interests of justice nor enhance respect for the law. Thus far, the Defendant has shown that he is not amenable to individual deterrence. Keeping him confined is the way - once again - to let him know that crimes of the sort he has committed will continue to have severe consequences. And that his pleas for mercy will be ignored like the mercy he showed his victims.

Indeed upon release from incarceration, if this time the Defendant does in every respect what he required to do for a substantial portion of his supervised release, his Probation Officer may, at the *Officer's own volition,* request early termination of *supervised release*. However, a reduction *of sentence*, which the Defendant now seeks, would not serve the interest of not just individual deterrence, but public deterrence as well.

For the foregoing reasons, it is hereby

ORDERED THAT the Defendant's Motion to Reduce Sentence (Doc. 26) be, and the same hereby is, **denied**.

As jurists of reason could not doubt my result or its rationale, no appeal shall be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Court Judge